UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ERIC STEINER,<br><br>                    Petitioner,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>                    Respondent. | Case No. 1:24-cv-00042-AKB<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Petitioner Eric Steiner, in custody of the Idaho Department of Correction, filed a civil action asking this Court to issue a "Writ of Supervisory Control" to the Fourth Judicial District Court for the State of Idaho and the Idaho Supreme Court. (Dkt. 1). Petitioner stands convicted of first degree murder in the Ada County Fourth Judicial District Court and is serving a life sentence.[1] He has pending in the Idaho appellate courts an appeal challenging his conviction and/or sentence. (*Id.*, p. 2). He clarifies that he does not want the Court to construe his request as one for a writ of mandamus but, particularly, for a "writ of supervisory control." (Dkt. 1, p. 1).

A "writ of supervisory control" is a "writ issued to correct an erroneous ruling made by a lower court either when there is no right to appeal or when an appeal cannot provide adequate relief and the ruling will result in gross injustice." BLACK'S LAW DICTIONARY (writ of supervisory control) (11th ed. 2019) (online). Petitioner agrees with this definition. (Dkt. 1-2, p. 1).

---

[1]     *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/136508 (accessed 5/16/2024).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Petitioner errs in believing that a state district court or a state supreme court is a "lower court" in relation to the federal district court. In fact, the federal district court is the lowest court in the federal court system, and the state courts do not have a hierarchical relationship to the federal courts, but are a completely different system.

There is no federal statute, rule, or case law providing for a federal writ of supervisory control. *See Lout v. Montana*, No. CV-09-10-BLGRFC, 2009 WL 1117652, at *1 (D. Mont. Apr. 24, 2009). A review of law across the federal courts shows that a litigant may apply to a state supreme court for a writ of supervisory control if that particular state court system recognizes such a cause of action, such as in the state of Montana; a writ of supervisory control issued by a state supreme court may be reviewed by the United States Supreme Court. *See Fisher v. District Court*, 424 U.S. 382 (1976) (per curiam) (determining that the United States Supreme Court could properly review a state supreme court's grant of writ of supervisory control, regarding the issue of whether state or tribal courts had jurisdiction to adjudicate adoption proceedings where the child and all parties were tribe members).

In *Fisher*, the United States Supreme Court reviewed the Montana Supreme Court's writ of supervisory control like a writ of mandamus, not like an appeal. *See* 424 U.S. at 385 n.7. An important distinction here is that United States Supreme Court review of a writ of supervisory control issued by a state supreme court is not the same as the request in, and procedural posture of, this case, where Petitioner asks the federal district court to itself issue a writ of supervisory control over a state court. Federal Rule of Civil Procedure 81(b) particularly "abolished" writs of scire facias and mandamus and instead provides that relief previously available through these writs "may be obtained by appropriate action or motion under these rules." There is no reason to treat a

request for issuance of a writ of supervisory control different from a request for a writ of mandamus.

When petitioners file requests for these special writs, the federal district court must determine whether the content of the request is better construed as a civil rights action (complaining of prison conditions) or a habeas corpus action (challenging a criminal case, conviction, or sentence). *Andrews v. King*, 398 F.3d 1113, 1122-23 (9th Cir. 2005). *See Wazney v. Campbell*, No. CV 6:18-2610-HMH-KFM, 2018 WL 6068472, at *1 (D.S.C. Oct. 23, 2018), *report and recommendation adopted*, No. CV 6:18-2610-HMH-KFM, 2018 WL 6065499 (D.S.C. Nov. 20, 2018), *aff'd sub nom. Wazney v. South Carolina*, 767 F. App'x 562 (4th Cir. 2019) (construed as a petition for writ of mandamus); *Willingham v. Idaho*, No. 4:23-CV-00331-BLW, 2023 WL 8467341, at *1 (D. Idaho Nov. 3, 2023) (construed as petition for writ of mandamus); *Sivak v. Idaho*, No. 1:23-CV-00139-AKB, 2023 WL 3863471, at *1 (D. Idaho June 7, 2023) (construed as civil rights action).

Here, Petitioner alleges that he has filed complaints with the Fourth Judicial District Court of Idaho to have charges filed against multiple defendants who committed felonies under Idaho Code § 18-3201. (Dkt. 1, p. 1). Petitioner asserts: "If the legal documents were not falsified and the investigation was complete with honest findings, I would not be or should not be incarcerated in prison." (*Id.*, p. 2) (spelling regularized). Clearly, he challenges his criminal conviction. However, Petitioner expressly asks the Court not to construe his petition differently from the way he has filed and defined it. Construed in that manner, it fails to state a legal cause of action and must be dismissed.

Moreover, regardless of the name or title of the special writ requested, the request has no merit. "[T]to the extent that [a petitioner] attempts to obtain a writ in [federal] court to compel a

state court to take or refrain from some action, the petitions are frivolous as a matter of law." *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (citing 28 U.S.C. § 1651, the "All Writs Act").

Because the Court is required to construe the petition one way or the other for purposes of assessing a filing fee ($350 for a civil rights action or $5 for a habeas corpus action) and determining whether a certificate of appealability is required for appeal, the petition is construed as a habeas corpus matter, because it challenges Petitioner's conviction.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 3) is GRANTED. In federal court, a grant of in forma pauperis status means that the Petitioner must pay the fee for having filed the action, regardless of whether the action is successful or not; it does not mean "for free." Petitioner shall pay the $5 filing fee for a habeas corpus action to the Clerk of Court when he is next able to do so.

2. Petitioner's Petition for Writ of Supervisory Control (Dkt. 1) is DENIED and DISMISSED for lack of subject matter jurisdiction and failure to state a federal claim upon which relief can be granted.

3. To the extent that the Court of Appeals may require it, the Court makes a finding that resolution of this action, construed as a habeas corpus matter, is not reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

seek a certificate of appealability from the Ninth Circuit by filing a request in that court,

and/or he may argue that one is unnecessary because he is appealing threshold issues,

such as whether the federal court has jurisdiction to issue a writ of supervisory control.

DATED: June 7, 2024

Amanda K. Brailsford
U.S. District Court Judge